IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA

TCS Telecom, Inc.,

                Plaintiff,

vs.

TeleCommunication Systems, Inc.,

                Defendant.

Court File No. _____

JURY TRIAL DEMANDED

**COMPLAINT**

Plaintiff, TCS Telecom, Inc. by and for its Complaint against Defendant TeleCommunication Systems, Inc. ("TeleCommunication Systems") respectfully states and alleges as follows:

### I. PARTIES

1. Plaintiff TCS Telecom, Inc. ("TCS Telecom") is a corporation organized under the laws of the state of Texas, with its principal place of business 1213 Highway 35 South, Rockport, Texas 78382. TCS Telecom in engaged in the resale of long distance telecommunication systems to independent local exchange companies and small business located outside of major markets, primarily throughout the Midwest, from Texas to Minnesota.

2. Upon information and belief, Defendant TeleCommunication Systems, Inc. ("TeleCommunication Systems") is a Maryland Corporation with its principal place of business at 275 West Street, Suite 400, Annapolis, Maryland 21410. TeleCommunication Systems is primarily engaged in the business of facilitating transmission of voice, video and data through the integration of public switch networks and other systems, including devices that can receive wireless transmissions, process the information and provide a response to the user or sender of

the transmission. Upon information and belief, TeleCommunication Systems has extensive operations in the United States and sells products and services in the State of Minnesota.

## II. JURISDICTION VENUE

3. This Court has jurisdiction over the parties and subject-matter involved in this dispute as TCS Telecom provides services in the district. Defendant TeleCommunications Systems products and services are sold and distributed nationally, including in this district such that Defendant could reasonably foresee being sued in Minnesota for claims arising from its business and litigation threats directed towards Plaintiff, and exercising jurisdiction over Defendant would not offend traditional notions of fair play and substantial justice.

4. This Court has subject-matter jurisdiction over this dispute because this is an action arising under the trademark laws of the United States, Title 15 United States Code, as implemented by 28 U.S.C. §1338(a) which gives the federal courts exclusive jurisdiction over trademark disputes. The subject matter jurisdiction also is proper under 28 U.S.C. §1331 and under the Lanham Act, 15 U.S.C. §1051, *et. seq.* In addition, this Court has jurisdiction over this dispute under the Federal Declaratory Judgments Act, 28 U.S.C. §§ 2201 and 2202.

5. Venue is proper in this judicial district under 28 U.S.C. § 1391(c) as a substantial part of the events or omissions giving rise to the claim have occurred or a substantial part of the property that is the subject of this action is situated in this judicial district. It is further proper under 1391(c).

## III. FACTUAL BACKGROUND

6. TCS Telecom has been engaged in business using corporate names, trade names and trademarks that included TCS since early as 1994, primarily engaged in the resale of long

distance telecommunication services to independent local exchange companies and small business located outside of major market areas.

7. On or about August 20, 2010, Defendant sent a "cease and desist" letter to TCS Telecom alleging trademark violation based on plaintiff's use of the description "TCS", threatening possible legal action against plaintiff in the event plaintiff did not cease using "TCS" in conjunction with its TCS Telecom, Inc. business operations.

8. The parties are not in the same business and no possibility of confusion could possibly exist. Defendant is in the business of facilitating transmission of voice, video and data through the integration of public switch networks, global information networks, intelligent data servers, global computer network gateways and intelligent peripherals, namely, devices that can receive wireless transmissions, process the information contained therein, and provide a response to the user or sender of the transmission.

9. That Defendant's assertions have placed a cloud of uncertainty over Plaintiff's business, and its threats of legal action against Plaintiff have created uncertainty as to the parties' respective rights, status and legal relations. A declaratory judgment is appropriate.

10. An actual controversy of judiciable nature exists regarding whether Plaintiff's use of "TCS" infringe any of defendant's marks. To resolve the legal and factual questions raised by Defendant and to afford relief from uncertainty and controversy that Defendant's assertions have precipitated, plaintiff seeks declaratory judgment of its rights under 28 U.S.C. § 2201-2202.

11. That, upon information and belief, defendant owns two registrations for "TCS & Design" and "TCS VOIP VERIFY", but owns no "TCS" mark.

12. That, upon information and belief, Defendant's attempt to register "TCS" was refused pursuant to 15 U.S.C. §1052(e)(1), as the "TCS" applied-for mark merely describes a

feature of the Defendant's services, specifically, "TCS" means "telecommunication system" (see, http://www.acronymfinder.com).

13. Numerous entities use "TCS" in the telecommunications industry, including, but not limited to, TCS Telemetry & Communications Systems, Inc.; TCS International, Inc.; TCS Telecommunications Service and others.

## IV. COUNT ONE

### TELECOMMUNICATION SYSTEMS CANNOT ESTABLISH A CLAIM FOR TRADEMARK INFRINGEMENT AGAINST TCS TELECOM UNDER LANHAM ACT

14. The allegations of Paragraph 1 to 13 above are incorporated by reference.

15. Defendant has created uncertainty between the parties as to TCS Telecom's right to continue manufacturing and selling its products by alleging that the products infringe the Defendant's marks. TeleCommuinication Systems' legal action based upon those contentions has created uncertainty and an immediate case or controversy between the parties. This uncertainty will continue unless the Court issues a declaratory judgment clarifying the parties' rights, status, and legal relations.

16. To establish TCS Telecom's liability for trademark infringement under the Lanham Act, Defendants must prove that: (1) Defendant owns a mark; (2) Plaintiff used TeleCommunication Systems' mark in commerce; (3) and the use of that mark creates a likelihood of confusion among consumers as to the origin of the goods.

17. Defendant cannot establish sufficient ownership or liability for trademark infringement under the Lanham Act, because Plaintiff has not and does not engage in any use of Defendant's marks in commerce beyond the descriptive "TCS" as abbreviation for telecommunication systems.

18.     Plaintiff is also not liable for trademark infringement under the Lanham Act because Defendant cannot establish that Plaintiff creates a likelihood of confusion as to the source of any of Defendant's goods or services. Consumers could readily understand the difference between the two parties and their products and services.

19.     Plaintiff TCS Telecom therefore respectfully requests, and is entitled to a declaration that its use of the description "TCS" in "TCS Telecom, Inc." do not and will not infringe or contributorily infringe any TCS marks or trade dress.

## V. JURY DEMAND

20.     TCS Telecom, Inc. hereby demands a jury trial.

## PRAYER

WHEREFORE, TCS Telecom, Inc. respectfully requests that:

(A)     TCS Telecom be awarded its costs and reasonable attorney fees incurred herein;

(B)     The Court declare and a judgment be entered that Plaintiff's use of "TCS" and "TCS Telecom, Inc." does not and will not infringe, contributorily infringe, dilute or tarnish any of defendant's marks.

(C)     The Court declare and a judgment be entered that Defendant, its officers, agents, servants, employees, representatives, successors, and assigns, and any and all persons in acting concert or participation with or under authority from Defendant, either separately or jointly, are enjoined from interfering with, or threatening to interfere with, Plaintiff's use of "TCS" in the operation advertising and other business of TCS Telecom, Inc.

Dated:   December 9, 2010

JOHNSON & CONDON, P.A.

*/s/ Robert E. Kuderer*
Robert E. Kuderer (# 207652)
Attorneys for Plaintiff, TCS Telecom, Inc.
7401 Metro Boulevard, Suite 600
Minneapolis, MN 55439-3034
(952) 831-6544

869597